UNITED STATES DISTRICT COURT
EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

DIANN HAYES,

        Plaintiff,        Civil Action No.: 14-14662
                                    Honorable Denise Page Hood
        v.                    Magistrate Judge Elizabeth A. Stafford

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

        Defendant.
_____/

# REPORT AND RECOMMENDATION
# ON CROSS-MOTIONS FOR SUMMARY JUDGMENT [R. 10, 12]

     Plaintiff Diann Hayes appeals a final decision of Defendant Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DIB") under the Social Security Act (the "Act"). Both parties have filed summary judgment motions, referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). The Court finds that the decision by the administrative law judge ("ALJ") is supported by substantial evidence, and thus **RECOMMENDS** that:

- the Commissioner's motion **[R. 12]** be **GRANTED**;

- Hayes's motion **[R. 10]** be **DENIED**; and,

- the Commissioner's decision be **AFFIRMED**, pursuant to sentence four of 42 U.S.C. § 405(g).

I.   **BACKGROUND**

  A.   **Hayes's Background and Claimed Disabilities**

Hayes was 47 years old when she submitted her application for disability benefits in March 2012, and she alleged a disability onset date of October 26, 2010. [R. 6-3, Tr. 66]. She has past relevant work as a direct care worker, a receptionist, a veterinary technician and a manager. [R. 6-2, Tr. 23]. She had engaged in substantial gainful activity, earning more than $1,000 per month, from October 2010 to September 2011, but there was at least one continuous 12-month period beyond her alleged onset date in which she did not engage in substantial gainful activity. [*Id.*, Tr. 17].

Hayes alleged that she was disabled from depression, dissociative disorder, personality disorder, post-traumatic stress disorder ("PTSD"), sleep disorder, sleep apnea, insomnia, anxiety, decreased visual range, memory loss and asthma. [R. 6-3, Tr. 66].

  B.   **Procedural Background**

Hayes's application for DIB was denied initially on June 26, 2012. [*Id.*, Tr. 66-78]. After that, she requested a hearing, which took place on May 17, 2013 and included the testimony of Hayes and a vocational expert

("VE"). [R. 6-2, Tr. 15]. In a July 18, 2013 written decision, the ALJ found Hayes to be not disabled. [*Id.*, Tr. 15-24]. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. [*Id.*, Tr. 1-3]. Hayes timely filed for judicial review. [R. 1].

### C. The ALJ's Application of the Disability Framework Analysis

A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps. First, if the applicant is "doing substantial gainful activity," he or she will be found not disabled. 20 C.F.R. § 404.1520(a)(4). Second, if the claimant has not had a severe impairment or a combination of such impairments[1] for a continuous period of at least 12 months, no disability will be found. *Id.* Third, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, the claimant will be found disabled. *Id.* If the fourth step is reached, the Commissioner considers its

---

[1] A severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities." § 1520(c).

3

assessment of the claimant's residual functional capacity ("RFC"), and will find the claimant not disabled if he or she can still do past relevant work. *Id.* At the final step, the Commissioner reviews the claimant's RFC, age, education and work experiences, and determines whether the claimant could adjust to other work. *Id.* The claimant bears the burden of proof throughout the first four steps, but the burden shifts to the Commissioner if the fifth step is reached. *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Applying this framework, the ALJ concluded that Hayes was not disabled. At the first step, she found that there had been at least one 12-month period since her application date that Hayes had not engaged in substantial gainful activity. [R. 6-2, Tr. 17]. At the second step, she found that Hayes had the severe impairments of affective disorder, anxiety disorder, decreased visual range, obstructive sleep apnea, asthma, polyarthritis and obesity. [*Id.,* Tr. 18]. Next, the ALJ concluded that none of Hayes's impairments, either alone or in combination, met or medically equaled the severity of any of the listed impairments. [*Id.,* Tr. 18-19].

The ALJ found that Hayes had the RFC to perform sedentary work with the following exceptions:

> She requires a sit-stand option; she is limited to work tasks that do not require a full range of vision, which means she can

4

> perform tasks that only require vision directly in front of her and not to the side or above; she must avoid all hazards at the worksite that require vision, which means no unprotected heights or exposure to motorized vehicles outside of her direct vision; she is unable to perform tasks that require excellent hearing; she must avoid concentrated exposure to extreme cold, heat, wetness, humidity, noise, fumes, odors, dusts, gas, and poor ventilation; she is limited to simple tasks on a sustained basis, but she cannot perform fast-paced production rate or assembly line rate work; and she would work best alone or in a small group of familiar individuals with minimal contact with the public.

[*Id.*, Tr. 19]. At the fourth step, the ALJ determined that Hayes did not have the RFC to perform past relevant work. [*Id.*, Tr. 23]. At step five, with the assistance of VE testimony, the ALJ determined that a hypothetical claimant matching Hayes's profile could perform a substantial number of jobs in the national economy including packer (70,000 jobs nationally), surveillance system monitor (16,000 jobs), and order clerk (19,000 jobs), and was thus not disabled. [*Id.*, Tr. 23-24].

## II. ANALYSIS

Pursuant to § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made in conformity with proper legal standards. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to

5

support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks and citation omitted). Only the evidence in the record below may be considered when determining whether the ALJ's decision is supported by substantial evidence. *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

Hayes's prior attorney of record filed a motion for summary judgment, but that attorney and his firm's representation of Hayes was terminated from this and other Social Security cases due to malfeasance. [*See* R. 15; 13-cv-14544, R. 16-4]. The malfeasance came to light after the attorney was "repeatedly criticized by judicial officers in this district, and the relief requested therein routinely denied, due to their 'conclusory assertions' and lack of any developed argument." [14-cv-10251, R. 13, PgID 574]. After her attorney's termination from this case, Hayes was given an opportunity to file another motion for summary judgment, [R. 21], but she did not do so. The Court has therefore considered the arguments in the motion filed by Hayes's prior attorney, but it suffered from the same deficiencies previously described. Therefore, in the interest of justice, the Court has also independently considered the evidence in the record.

The motion filed on behalf of Hayes argues that the ALJ erred in finding Hayes less than credible, in assessing her RFC and in finding that

6

jobs were available in significant numbers. The Court disagrees and identified no error independently. Therefore, the ALJ's decision should be affirmed.

**A. Credibility**

The ALJ found that Hayes's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely credible . . ." [R. 6-2, Tr. 20]. Credibility determinations of witnesses are within the province of the ALJ and should not be disturbed "absent compelling reason." *Smith v. Halter,* 307 F.3d 377, 379 (6th Cir. 2001). The Court finds no compelling reason to disturb the ALJ's credibility determination in this case.

The ALJ found that Hayes's credibility was undermined by her demonstrated ability to work at substantial gainful activity levels during the relevant time period. [R. 6-2, Tr. 21]. Specifically, Hayes testified that she worked from about June 2009 until July or August 2011[2] with mentally disabled adults for 25 to 30 hours a week, but neglected to mention her full-time employment as a kennel technician during the overlapping time period of January 2011 to October 2011. [*Id.*, Tr. 21, 54-55; R. 6-6, Tr. 239, 301]. Additionally, although Hayes testified that she earned about $85 per week

---

[2] The job history documentation indicates that she actually ended this employment in September 2011. [R. 6-6, Tr. 239].

7

for ten hours of work with her current employer, Visiting Angels, her earnings records indicated income of more than $700 per month, calling into question her credibility with respect to the number of hours she worked. [R. 6-2, Tr. 21, 45; R. 6-5, Tr. 159; R. 6-6, Tr. 301]. The motion filed on behalf of Hayes offers no explanation for these discrepancies, and none is apparent from review of the record.

    The ALJ noted that Hayes had a documented history of exaggerating her symptoms and contradictory statements. [R. 6-2, Tr. 21; R. 6-7, Tr. 412]. Robert Napier, Ph.D., a licensed psychologist, evaluated Hayes in January 2010 and reported that she had provided contradictory information and exaggerated her symptoms. [R. 6-7, Tr. 412]. The ALJ also found a "divergence" between Hayes's subjective allegations and the objective evidence. [R. 6-2, Tr. 21-22]. Specifically, the ALJ noted that, at the time of Hayes's alleged onset (October 2010), her medication was working well, her depression was better, she was not having panic attacks, and she continued to be stable through October 2011. [*Id.*, Tr. 21; Tr. 6-7, Tr. 617, 619-21]. Additionally, although Hayes testified that she has had suicidal thoughts daily for the last couple of years, she denied regular suicidal

ideation in September 2012. [R. 6-2,Tr. 42; R. 6-8, Tr. 760].[3] The ALJ noted that, although Hayes reported being depressed and having urges to cut herself in January 2013, she subsequently reported to a church therapist that she regularly attended church and that her church relationships were a priority, and she lost nine pounds "and counting" through dieting and using the church gym for exercise. [R. 6-2, Tr. 21; R. 6-8, Tr. 757, 832-33, 854].

### B. RFC Assessment

Hayes alleges that the ALJ's assessment of her RFC is not supported by substantial evidence. Hayes bears the burden to prove that she requires a more restrictive mental RFC. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999); *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008). When formulating a RFC, an ALJ is required only to incorporate those limitations she finds credible. *Irvin v. Social Security Administration*, 573 Fed. Appx. 498, 502 (6th Cir. 2014).

As noted, the ALJ did not find Hayes's allegations regarding the extent of her limitations to be fully credible. Nonetheless, she assessed an RFC that included sedentary work; a sit-stand option; a limitation to tasks that do not require full vision or excellent hearing; myriad environmental

---

[3] Other records describe Hayes's suicidal ideation as being in the past, fleeting and easily dismissed. [R. 6-7, Tr. 463, 503, 605].

limitations; a limitation to simple, non-production line tasks; and a limitation to working alone or in small groups, with minimal contact with the public. [R. 6-2, Tr. 19]. This RFC assessment is consistent or includes more extensive limitations than assessments by medical and psychological practitioners in the record. [R. 6-3, Tr. 71-77; R. 6-7, Tr. 418-19; 527-33, 539-45]. Hayes has not sustained her burden of demonstrating that a more restrictive RFC is warranted.

### C. Occupations in Significant Number

With guidance from the VE, the ALJ listed three occupations that someone with Hayes's RFC would be able to perform. [R. 6-2, Tr. 24]. The combined number of jobs in the state of Michigan for these occupations was 2,800, and 150,000 nationally. [*Id.*]. Citing no authority, the motion for Hayes claims that this case should be remanded because these occupations do not exist in significant numbers, as required by 42 U.S.C. § 423(d). [R. 10, PgID 909].

The significant-numbers inquiry is a fact question that is reviewed for substantial evidence. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007). There is no "special number which is to be the boundary between a 'significant number' and an insignificant number of jobs." *Hall v. Bowen*, 837 F.2d 272, 275 (6th Cir. 1988). Here, the ALJ did not err by

concluding that jobs are available to Hayes in significant numbers. Indeed, the Sixth Circuit recently upheld an ALJ's determination that two occupations accounting for 200 positions in the claimant's home state and 6,000 jobs nationally constituted "significant numbers." *Taskila v. Comm'r of Soc. Sec.*, ___ F.3d ___, 2016 WL 1533996, at *2 (6th Cir. Apr. 15, 2016). These numbers "fit[] comfortably within what this court and others have deemed 'significant.'" *Id.*, at *3 (citing cases).

Hayes's argument focuses on the regional numbers, but "the test is whether work exists in the national economy, not in plaintiff's neighborhood." *Harmon v. Apfel*, 168 F.3d 289, 292-93 (6th Cir. 1999). As such, the Court recommends that this argument be rejected.

### III. CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that Hayes's Motion for Summary Judgment **[R. 10]** be **DENIED**, the Commissioner's Motion **[R. 12]** be **GRANTED** and this case be **AFFIRMED**.

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: April 29, 2016

**NOTICE TO THE PARTIES REGARDING OBJECTIONS**

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in**

**length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 29, 2016.

                s/Marlena Williams
                MARLENA WILLIAMS
                Case Manager